**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

EDUARDO MONTES,                     :
                                    :   Civil Action No. 05-4531 (RBK)
           Petitioner,              :
                                    :
      v.                            :   **OPINION**
                                    :
JOHN NASH, Warden,                  :
                                    :
           Respondent.              :

**APPEARANCES:**

Eduardo Montes, <u>Pro</u> <u>Se</u>
#07055-067
F.C.I. Fort Dix
P.O. Box 7000
Fort Dix, NJ 08640

**KUGLER**, District Judge

   Petitioner Eduardo Montes, a federal prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241,[1] challenging the sentence pursuant to which he is confined.

---

   [1] Section 2241 provides in relevant part:

   (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
   (c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Because this Court lacks jurisdiction to consider this Petition, and it is not in the interest of justice to transfer the Petition, this Court will dismiss the Petition, without prejudice, for lack of jurisdiction.

## BACKGROUND

The following background facts are taken from the Petition and are accepted as true for purposes of this Opinion and accompanying Order.

On May 7, 1993, Petitioner was convicted in the United States District Court, Middle District of Pennsylvania for violating 21 U.S.C. § 846, conspiracy to possess with intent to distribute a controlled substance.  At sentencing on September 13, 1993, the judge made a finding that Petitioner occupied an organizational role and enhanced his sentencing level. Petitioner filed a direct appeal, as well as a motion to correct his sentence pursuant to 28 U.S.C. § 2255.  In 1999, Petitioner filed a petition pursuant to 28 U.S.C. § 2241 which was denied.

On September 12, 2005, this Court received Petitioner's § 2241 habeas Petition, alleging that his sentence is unconstitutional because it is based upon factual findings made by the judge that were not found by a jury beyond a reasonable doubt.  Petitioner cites United States v. Booker, 543 U.S. 220 (2005), and Apprendi v. New Jersey, 530 U.S. 466 (2000), in

support of his argument that the sentence imposed pursuant to the U.S. Sentencing Guidelines is invalid.[2]

## ANALYSIS

A.   Sua Sponte Dismissal

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994).  A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b).

A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there." 28 U.S.C. § 2243.  Thus, "Federal courts are authorized to dismiss summarily any habeas

---

[2] In Apprendi v. New Jersey, 530 U.S. 466, 471, 490 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In Blakely v. Washington, 542 U.S. 296 (2004), the Supreme Court overturned a sentence imposed under Washington state's sentencing system, explaining that "the relevant statutory maximum is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." 124 S. Ct. at 2536-37 (internal quotations omitted.) Most recently, in United States v. Booker, 543 U.S. 220 (2005), the Supreme Court applied the rule of Apprendi to the U.S. Sentencing Guidelines, holding that the Guidelines are not mandatory, but are merely advisory.

petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

B.  Petitioner's claim

Petitioner contends that he is entitled to habeas relief under § 2241, because relief under § 2255 is "inadequate or ineffective."  See In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

As noted by the Court of Appeals for the Third Circuit in Dorsainvil, 119 F.3d at 249, a § 2255 motion, filed in the district of conviction, has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. Walker, 980 F. Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241, in the district of confinement).

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention."  In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations),

where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251. The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255. See id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. See id. at 251-52.

More recently, the Court of Appeals for the Third Circuit emphasized the narrowness of its Dorsainvil holding when it rejected a district court's conclusion that § 2255 was "inadequate or ineffective" to address a claim based on Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), an intervening decision which held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." See Okereke v. United States,

307 F.3d 117 (3d Cir. 2002) (in which the petitioner had been sentenced based upon a drug quantity determined at sentencing by a judge using the preponderance of evidence standard). Similarly, § 2255 is not "inadequate or ineffective" to address a claim based upon Booker, which is an extension of Apprendi.  See Smith v. Nash, 145 Fed. Appx. 727, 2005 WL 1965500 (3d Cir.) (unpubl.), cert. denied, 126 S. Ct. 591 (2005).  In addition, the mere fact that a claim is time barred does not render § 2255 an inadequate or ineffective remedy.  See Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002).[3]

Petitioner's inability to meet the limitations and gatekeeping requirements of § 2255 does not render it an inadequate or ineffective remedy with respect to the claims asserted in this Petition.  Accordingly, the Petition must be construed as a motion to vacate, set aside, or correct sentence

---

[3] Motions under § 2255 must be made within one year of "(1) the date on which the judgment of conviction becomes final; ... [or] (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, ... ."

under 28 U.S.C. § 2255,[4] which must be filed in the district of conviction, and over which this Court lacks jurisdiction.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. A second or successive § 2255 motion may be brought in the district of conviction only if the applicable Court of Appeals has authorized such filing. See 28 U.S.C. § 2244.

It does not appear that it would be in the interest of justice to transfer this Petition to the Court of Appeals for the Third Circuit, as a request for leave to file a second or successive § 2255 motion. The Court of Appeals for the Third Circuit has held that Booker does not apply retroactively to

---

[4] Although this Court is reclassifying the petition as a § 2255 motion, no Miller notice and order is necessary to afford Petitioner an opportunity to raise additional § 2255 grounds. The purpose of the Third Circuit's decision in United States v. Miller, 197 F.3d 644 (3d Cir. 1999), was to provide fair warning to petitioners whose petitions were being recharacterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition. Such warning, the Miller court reasoned, is necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals. Because Petitioner has already pursued an unsuccessful first § 2255 motion, no purpose would be served by a Miller notice.

cases on collateral review.  See <u>Lloyd v. United States</u>, 407 F.3d 608 (3d Cir.), <u>cert.</u> <u>denied</u>, 126 S. Ct. 288 (2005).

## **CONCLUSION**

For the reasons set forth above, the Petition will be dismissed without prejudice for lack of jurisdiction.


<u>S/Robert B. Kugler</u>
Robert B. Kugler
United States District Judge

Dated: December 12, 2005